**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

GREGORY ROSE                                                                                           PLAINTIFF

V.                                       NO: 3:14CV00036 BSM/HDY

DOES *et al.*                                                                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.    Why the record made before the Magistrate Judge is inadequate.

   2.    Why the evidence proffered at the hearing before the District
         Judge  (if such a  hearing is granted)  was not  offered at  the
         hearing before the Magistrate Judge.

   3.    The detail of any testimony desired to be introduced at the
         hearing before the District Judge in the form of an offer of

>proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Gregory Rose, who was formerly held at the Mississippi County Detention Center, filed this *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on February 11, 2014, alleging that Defendant Andrew Harris tried to force him to subscribe to Harris's religious beliefs. Plaintiff also named as Defendants unidentified Does, who are a judge and county clerk. On October 9, 2014, Harris filed a motion for judgment on the pleadings, along with a brief in support (docket entries #24 & #25).[1] Plaintiff filed a response on November 6, 2014 (docket entry #27).

### I. Standard of review

Motions for judgment on the pleadings are governed by the same standards that apply to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation*

---

[1] Harris attached a copy of a grievance to his motion, but that same grievance was attached to Plaintiff's complaint, so it may be considered in the context of a motion to dismiss. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)(internal citations omitted).

*v. Twombly*, 550 U.S. 544, 554-55 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.

## II. Analysis

Plaintiff's allegations stem from Harris's response to a profanity-laced grievance Plaintiff completed on December 18, 2013.  In his response, Harris wrote that Plaintiff will continue to have problems in his life until he decides to "get on his knees" and "pray to the Good Lord" to clean his heart and put him on the right path (docket entry #1, page #6).

Although Plaintiff asserts that Harris violated his First and Eighth Amendment rights, it is clear from the allegations that the Eighth Amendment is not implicated in any way.  However, the First Amendment prohibits governments from establishing a religion, or prohibiting the free exercise of religion.  Nothing in Plaintiff's allegations indicate that he was ever prevented from exercising his religious beliefs.  Plaintiff does suggest that Harris was trying to impose his religious beliefs upon him, and, in his response to Harris's motion, asserts that it is not Harris's job "to tell or talk

to anyone about God." Thus, Plaintiff is in essence arguing that Harris violated the First Amendment's establishment clause. Government action does not violate the establishment clause if it has a secular purpose, neither advances nor inhibits religion, and does not result in excessive entanglement with religion. *See Murphy v. Missouri Dept. Of Corrections*, 372 F.3d 979, 985 (8th Cir. 2004), citing *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971). Harris's remarks were made in the context of his response to Plaintiff's grievance, and the single incident described by Plaintiff is insufficient to provide any reason to believe it advanced a religious belief, or inhibited Plaintiff from practicing his religion or not, and it certainly is not indicative of excessive entanglement of the state with religion. No benefits were conditioned upon Plaintiff's acceptance of Harris's advice, nor were any penalties imposed for his refusal to do so. Even if a single remark such as the one made by Harris were to be found unconstitutional, there is no clearly established law prohibiting the conduct, and Harris would be entitled to immunity. *See Prosser v. Ross*, 70 F.3d 1005, 1007 (8th Cir. 1995) (discussing qualified immunity). Accordingly, Plaintiff's claims against Harris should be dismissed.

Although an unidentified judge and county clerk remain unserved and are not parties to the motion, Plaintiff has made no allegations to indicate they were involved in any way, and Plaintiff's claims against them should also be dismissed. Therefore, Plaintiff's complaint should be dismissed in its entirety.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Defendant Andrew Harris's motion for judgment on the pleadings (docket entry #24) be GRANTED, and Plaintiff's complaint be DISMISSED.

    2.    Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Harris, and DISMISSED WITHOUT PREJUDICE in all other respects.

    3.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this __17__ day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE